Reese, J.
delivered the opinion of the court.
This is an action in the case for a malicious prosecution commenced in the county of Bradley, and in which, on the applica *156 tion and affidavit of the defendant, verified by the oath of three other persons, the venue was changed to the county of Polk. After the cause had been for some time depending in the latter county, application was made by the plaintiff to change the venue from that county. The grounds of public prejudice stated in his affidavit as calculated to prevent a fair and impartial trial, are verified by the oaths of three other persons who state themselves to be disinterested, and tobe freeholders of Polk county. The change of venue asked for was refused by the circuit court, but whether the refusal took place because of a supposed defect of power on the part of the court to grant a second change of venue in the same cause, or because the court was of opinion that the ground stated was not good, or if good, that the truth thereof was not evident and creditablysup-ported, we are unable to learn from the bill of exceptions, which states only that the application was refused. It is argued, however, that the court had no power, although satisfied of the truth and sufficiency of the grounds stated in the application to grant a second change of venue. The act of 1819, ch. 43, provides “that in all criminal cases, the defendant or defendants shall be entitled to only one change of venue, and that in all civil causes neither party shall be entitled to change the venue, but once only.” The clause, “neitherparty shall be entitled to change the venue but once only,” has been made the theme of verbal criticism and of grammatical construction somewhat nice, namely, that the words “neither party,” as here used, have a collective sense, and that the negation of more than one trial is predicable of the plaintiff and defendant conjointly, the clause in meaning being equivalent to the ¡provision that in no civil cause shall more than one change of venue be allowed. If such had been the purpose of the legislature it could have been easily and distinctly expressed. We take the sense to be, that in a criminal case the defendant can claim but one change of venue, and the defendant in a civil case can claim no more, and the rights of the plaintiff are no greater; he can claim no more; a conjoint right of change of venue, limited to one instance, it would be a little absurd to concede to adversary parties struggling with each other on *157 that very subject. But it does not appear that the circuit court so thought or so ruled. The act of 1825, sec. 78, provides that of the “cause or causes for change of venue, made and supported as aforesaid, the judge presiding on the cause shall 0071-side?-, and if in his opinion the cause is good, and the truth thereof evident and credibly supported, he may and shall allow the change prayed for.” How shall we say, in such a case, that the circuit court when co?isidering of this application, erred in believing the cause assigned not to be'good, or the truth evident, and credibly supported. There certainly are many things which the discretion of the circuit court must determine and which may be safely left to be determined by it; there are many things done and transacted there, as to which, from their very nature, the supervision of this court would be difficult and could not be made effective. This we think is one of them. Let the judgment be affirmed.